IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ALLIED SERVICES DIVISION**
**WELFARE FUND,** *individually*
*and on behalf of all others*
*similarly situated,*

    Plaintiff,

v.

**PFIZER, INC.,**

    Defendant.                                       Case No. 12-cv-764-DRH-PMF

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Instantly before the Court are defendant Pfizer, Inc.'s (Pfizer) motion to dismiss plaintiff Allied Services Division Welfare Fund's (Allied) complaint or, alternatively, to transfer this action to the Southern District of New York pursuant to the first-filed rule (Doc. 9) and Allied's motion to consolidate cases (Doc. 14). Additionally, although not filed as such, the Court construes Allied's response to defendant's motion to dismiss as alternatively moving to stay this entire cause of action pending resolution of *American Federation of State, County & Municipal Employees District Council 37 Health & Security Plan v. Amgen, Inc. and Pfizer, Inc.*, No. 12-cv-2237 (S.D.N.Y.) (*American Federation*) (Doc. 36). For the reasons set forth below, the Court denies both Pfizer's alternative motions to dismiss or

transfer, in addition to Allied's motion to consolidate. However, the Court grants Allied's request to stay this cause of action pending resolution of *American Federation*.

On March 27, 2012, the American Federation of State, County & Municipal Employees District Council 37 Health & Security Plan and the Sergeants Benevolent Association Health & Welfare Fund filed a complaint in the Southern District of New York in which they allege Pfizer, along with Amgen, Inc., violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO), and the Robinson-Patman Act, 15 U.S.C. § 13(c), by offering an illegal coupon co-pay subsidy program for prescription drugs including Celebrex, Chantix, Effexor XR, Geodon, Lipitor, Pristiq, Enbrel, and Sensipar (Doc. 10-1). The plaintiffs in *American Federation* propose a class of the following entities:

> All entities in the United States and its territories that are at risk, pursuant to a contract, policy, or plan, to pay or reimburse all or part of the cost of a co-pay subsidy drug prescribed to natural persons covered by such contract, policy, or plan, and who paid for at least one prescription for Celebrex, Chantix, Effexor XR, Enbrel, Geodon, Lipitor, Pristiq, or Sensipar that was subsidized by defendants' co-pay subsidy program(s).

(Doc. 10-1, p. 76).

On July 5, 2012, Allied filed the instant complaint, alleging similar claims against Pfizer. However, as plaintiff has not named Amgen, Inc., as a defendant, it does not include Enbrel and Sensipar in the list of prescription medicines involved. Notably, Allied proposes a class of the following entities:

Page **2** of **6**

> All entities in the United States and its territories that are at risk, pursuant to a contract, policy, or plan, to pay or reimburse all or part of the cost of a co-pay subsidy drug prescribed to natural persons covered by such contract, policy, or plan, and who paid for at least one prescription for Celebrex, Chantix, Effexor XR, Geodon, Lipitor or Pristiq that was subsidized by Defendant's co-pay subsidy program(s).

(Doc. 2, p. 64).

Thus, due to the acknowledged and blatant similarities between these two causes of action, Pfizer filed the instant motion to dismiss or, alternatively, to transfer this action to the Southern District of New York on August 30, 2012 (Doc. 9). Shortly thereafter, Allied filed a motion to consolidate this action with two similar actions currently pending in this district against differing defendants (Doc. 14); *see Allied Services Division Welfare Fund, et al. v. Merck & Co., Inc.,* No. 12-cv-766-JPG; *Allied Services Division Welfare Fund, et al. v. Novartis Pharmaceuticals Corp.,* No. 12-cv-775-MJR. Accordingly, the Court must instantly resolve these conflicting requests.

## II.   LAW AND APPLICATION

Preliminarily, the Court can swiftly deny Allied's motion to consolidate (Doc. 14), as the Court adopts the reasoning of the Judicial Panel on Multidistrict Litigation's (JPML) denial of MDL centralization. Specifically, the JPML stated, "centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation," as "each action involves a different pharmaceutical manufacturer and different co-pay subsidy programs,"

"[e]ach co-pay subsidy program is directed at one specific drug," prescribed by different physicians for different patients, and "[e]ach alleged RICO enterprise involves different defendants and third-party program administrators." *In re Prescription Drug Co-Pay Subsidy Antitrust Litig.*, MDL No. 2370, 2012 WL 3143852, *1 (J.P.M.L. Aug. 2, 2012). Thus, Allied's motion to consolidate is **DENIED** (Doc. 14).

Therefore, the Court must now resolve whether dismissal, transfer, or a stay of this entire action is appropriate. Again, as to Pfizer's motion to dismiss this action, the Court can swiftly deny such request, as neither the Seventh Circuit nor this Court have an appetite for a rigid requirement of dismissal of duplicative causes of action. *See Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 443 (7th Cir. 2000) ("There is no 'first filed doctrine' requiring dismissal of all suits after the first; such a rule would be incompatible with *Deakins* and other decisions that require parallel or duplicative litigation to be stayed rather than dismissed."). Accordingly, Pfizer's motion to dismiss is **DENIED** (Doc. 9).

Alternatively, Pfizer moves to transfer this action to the Southern District of New York under 28 U.S.C. § 1404(a). Section 1404(a), provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, as Allied makes clear, the movant (instantly, Pfizer)

bears the burden of establishing that the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). Pfizer cannot point to any factor which demonstrates such convenience. Pfizer merely cites to the fact its headquarters are in the Southern District of New York, in addition to the first-filing of *American Federation*, as demonstrating the need for transfer. The Court finds these factors do not outweigh the relative preference given to Allied's choice of forum. *See Tice v. Amer. Airlines, Inc.*, 162 F.3d 966, 974 (7th Cir. 1998). Accordingly, Pfizer's motion to transfer is **DENIED** (Doc. 9). Thus, given the neutrality of the factors cited by Pfizer, and the weight given to Allied's choice of forum, the Court finds the more appropriate course is to **GRANT** Allied's request to **STAY** this entire action pending the outcome of *American Federation*, No. 12-cv-2237 (S.D.N.Y.) (Doc. 36); *see Central States*, 203 F.3d at 443.

### III.  CONCLUSION

For the aforementioned reasons, Pfizer's motion to dismiss or, alternatively, to transfer is **DENIED** (Doc. 9). Allied's motion to consolidate is **DENIED** (Doc. 14). Therefore, the parties' motions to stay pending resolution of the aforementioned matters are **DENIED as moot** (Docs. 21, 22). Finally, Allied's motion to stay this action pending the resolution of *American Federation*, No. 12-cv-2237 (S.D.N.Y.) is **GRANTED** (Doc. 36). Thus, this action is **STAYED** pending resolution of *American Federation*, No. 12-cv-2237 (S.D.N.Y.). Accordingly, the

parties are directed to apprise the Court of all pertinent rulings and developments in *American Federation,* No. 12-cv-2237 (S.D.N.Y.).

**IT IS SO ORDERED.**

Signed this 4th day of October, 2012.

Digitally signed by David R. Herndon
Date: 2012.10.04 14:43:12 -05'00'

**Chief Judge**
**United States District Court**